IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LLOYD VINCENT, JR.,

        Petitioner,

                            CIVIL ACTION
   vs.                          No. 11-3052-SAC

RAY ROBERTS,

        Respondent.

MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the court on respondent's motion to dismiss this matter as untimely (Doc. 12). Petitioner has filed no response.

### Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA established a one-year limitation period for a state prisoner to file a federal habeas petition. 28 U.S.C. § 2244(d)(1).

The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of

>the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>28 U.S.C. § 2244(d)(1)(A)-(D).

The limitation period is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ...." § 2244(d)(2). In addition, the limitation period may be subject to equitable tolling, but only in "rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir.2003).

**Procedural history and analysis**

Petitioner was convicted in the District Court of Wyandotte County, Kansas, on March 15, 2005, of aggravated robbery, in violation of K.S.A. 21-3715. He was sentenced to a term of 88 months on August 8, 2005.

The Kansas Court of Appeals (KCOA) affirmed the conviction

on December 15, 2006, in an unpublished order.[1]  The Kansas Supreme Court denied review on March 27, 2007.  Ninety days later, on June 25, 2007, the time to seek review in the United States Supreme Court expired, and the one-year limitation period began to run.

On December 14, 2007, petitioner filed a state post-conviction action pursuant to K.S.A. 60-1507 the District Court of Wyandotte County, tolling the limitation period after 172 days.

On April 14, 2008, the state district court denied relief. Petitioner filed an appeal, and the KCOA affirmed the denial on December 18, 2009.[2]  The Kansas Supreme Court denied review on March 8, 2010.  The limitation period began to run again, with 193 days remaining, and expired on September 27, 2010.

The undated petition for habeas corpus was filed by the clerk of the court on March 1, 2011.

Here, the petitioner's conviction became final for habeas corpus purposes upon the expiration of the 90-day period in which petitioner could seek review in the United States Supreme Court.  *Lock v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

---

[1] *State v. Vincent*, 2006 WL 8740877 (Kan. App. Dec. 15, 2006).

[2] *Vincent v. State*, 2009 WL 5062432 (Kan. App. Dec. 18, 2009).

The limitation period ran from June 25, 2007, to December 14, 2007, a period of 172 days.

Petitioner filed a motion for state post-conviction relief on December 14, 2007, which tolled the limitation period. 28 U.S.C. § 2244(d)(2). The limitation period remained tolled during the pendency of that action, and resumed running, but did not start over, when the Kansas Supreme Court denied review on March 18, 2010. The remaining 193 days of the limitations period expired on September 27, 2010.

Because petitioner did not commence this action until March 2011, this action is time-barred. Petitioner has not presented any evidence of extraordinary circumstances that would justify equitable tolling, and the court concludes this matter must be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED the respondent's motion to dismiss (Doc. 12) is granted.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 4th day of October, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge